**Marquis Aurbach Coffing**
Jack Chen Min Juan, Esq.
Nevada Bar No. 6367
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Joshua L. Benson, Esq.
Nevada Bar No. 10514
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
jjuan@maclaw.com
bhardy@maclaw.com
   Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KABO TOOL COMPANY, CHIH-CHING HSIEN,<br><br>                  Plaintiffs,<br><br>vs.<br><br>PORAUTO INDUSTRIAL CO., LTD, ACCURAIRE CORP., CHIH-HSIANG HSU,<br><br>                  Defendants. | Case No.:   2:12-cv-01859-LDG-GWF |

**<u>DEFENDANTS PORAUTO INDUSTRIAL CO., LTD, ACCURAIRE CORP. AND CHIH-HSIANG HSU'S MOTION FOR STAY</u>**

Defendants Porauto Industrial Co., Ltd, Accuraire Corp. and Chih-Hsiang Hsu (collectively "Hsu"), by and through the law firm of Marquis Aurbach Coffing, hereby submit their Motion for Stay. This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument allowed by the Court at a hearing on this matter.

. . .

. . .

. . .

. . .

. . .

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Hsu requests the Court stay discovery and the June settlement conference until the Court rules on Hsu's Motion to Dismiss—which challenges the Court's jurisdiction. A stay is warranted where a pending motion will resolve the entire case. Here, Hsu, a Taiwanese citizen, filed a Motion to Dismiss arguing the Court lacks jurisdiction. There is no dispute that Hsu's Motion is potentially dispositive of the entire case. Also, one cannot reasonably dispute the extreme burden a Taiwanese citizen would face if forced to travel 6,800 miles to participate in discovery when the Court lacks jurisdiction. Plaintiffs would also be burdened in conducting discovery before a responsive pleading is filed. Simply, the parties would blindly be conducting discovery without knowing what affirmative defenses will be asserted, what cross-claims may be filed or what third-parties may be added. And in the end, the Court is likely to find it lacks jurisdiction over Hsu. Thus, Hsu respectfully request the Court stay discovery and any mandated settlement conference until the Court rules on Hsu's dispositive Motion to Dismiss.

## II. FACTS.

As asserted in Plaintiffs' Complaint, Kabo is a Taiwan corporation with its headquarters and principal place of business at No. 367, Pei Yang Rd, Fengyuan Dist., Taichung City, Taiwan. (Compl. ¶1). Hsien is a citizen of Taiwan with his residence at No. 367, Pei Yang Rd, Fengyuan Dist., Taichung City, Taiwan. Hsien is the Chief Executive Officer of Kabo, and is the named inventor on a substantial majority of the patents held by Kabo. (Id. at ¶2). Kabo is manufacturing and supply company which provides various electrical, hydraulic, mechanical and other industrial tools including, but not limited to, the wrench at issues in the instant litigation. (Id. at ¶3).

Defendant Hsu is a citizen of Taiwan residing in Taipei, Taiwan and is the principal director of Accuaire and Porauto (collectively the "Foreign Corporate Defendants"). (Id. at ¶¶4-6). Accuaire and Porauto are Taiwan Corporations with their headquarters and principal place of business at 4F-1 No.155 Sec.1, Keelung Rd., Taipei 110, Taiwan. (Id.). Plaintiffs allege the Defendants have infringed upon Hsien's U.S. Patent No 7,066,057 (the "Patent"), which was

MAC:13033-001 1875846_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

assigned to Kabo. (Id. at ¶¶10-11). The Plaintiffs have hailed the Defendants away from their native country to defend themselves against a single cause of action for patent infringement. (Id. at ¶¶10-17).

Aside from the fact that: i) all of the information, documents and individuals involved in the alleged acts reside in Taiwan; ii) the information and documents are in Chinese; and iii) the native language for all individuals involved is Chinese, Plaintiffs have selected Las Vegas, Nevada as the location to file the instant action. A review of the Defendants' contact with Nevada evidences that such contacts are truly *de minimis*.

First, the Foreign Corporate Defendants are not Nevada (or even U.S.) corporations. (Compl. ¶¶5-6). Neither of the Foreign Corporate Defendants pay or have paid taxes in Nevada. The Foreign Corporate Defendants do not have telephone listings in Nevada, and maintain no accounts in any financial institutions in the state. In addition, the Foreign Corporate Defendants do not maintain or lease any offices, distribution facilities, or manufacturing plants in Nevada, nor do they otherwise own, rent, lease or occupy any real or personal property in Nevada. The Foreign Corporate Defendants have never availed themselves of the courts of Nevada or even the United States.

Second, Hsu's contacts with Nevada (and the U.S.) are equally tenuous, if not more so than the Foreign Corporate Defendants. Hsu is not a resident of Nevada or the United States and, although served while attending the Specialty Equipment Marketing Association (SEMA) Show,[1] he has never lived or worked in Nevada. Hsu does not pay and has never paid taxes in Nevada. Hsu has traveled to Nevada only very sporadically and then generally for the purpose of attending (like many other international visitors) the annual SEMA Show. Hsu has not personally transacted business in Nevada, does not directly derive any revenue from goods used or consumed or services rendered in Nevada, and does not personally employ anyone there. Hsu

---

[1] According to its website, "The SEMA Show is the premier automotive specialty products trade event in the world (PLEASE NOTE: THE SEMA SHOW IS NOT OPEN TO THE GENERAL PUBLIC). It draws the industry's brightest minds and hottest products to one place, the Las Vegas Convention Center. As part of the AAIW, the SEMA Show attracts more than 100,000 industry leaders from more than 100 countries for unlimited profit opportunities in the automotive, truck and SUV, powersports, and RV markets." See http://www.semashow.com.

MAC:13033-001 1875846_1

does not have a telephone listing in Nevada, maintains no accounts in any financial institutions in the state, and has never availed himself of the Nevada or United States courts. Hsu does not own, rent, lease or occupy any other real or personal property in Nevada.

### III. THIS COURT SHOULD STAY DISCOVERY UNTIL THE COURT RULES ON HSU'S MOTION TO DISMISS.

Judges and magistrate judges have a great deal of discretion in staying proceedings while dispositive motions are pending. See Panola Land Buyers Ass'n v. Shuman, 762 F.3d 1550, 1560 (11th Cir. 1985)("…a magistrate has broad discretion to stay discovery pending decision on a dispositive motion."); Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981); B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979) (the court may stay discovery when convinced plaintiff cannot state a claim for relief). Simply, curtailment of discovery is proper where the case can be decided on motions. See, e.g., Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983). Courts within the Ninth Circuit have given guidance as to when a stay of discovery should be granted:

> First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery. If the court answers these two questions in the affirmative, a protective order may be issued.

Pacific Lumber Co. v. Nat'l Union Fire Ins. Co., 220 F.R.D. 349, 352 (N.D. Cal. 2003) (citing Panola, 762 F.2d at 1560; Church of Scientology of S.F. v. Internal Revenue Service, 9991 F.2d 560, 563 (9th Cir. 1993)).

Here, both facts and law support the entry of an order staying discovery. First, Hsu's Motion to Dismiss is a dispositive motion directed to this Court's jurisdiction over the defendants. If the Motion is granted, the case would be finished and discovery moot. Second, because Hsu's Motion addresses the Court's jurisdiction, and not the merits of any claims, the Motion to Dismiss can be decided without discovery being conducted at all. Simply, both prongs outlined in Pacific Lumber are met, and this Court may properly stay discovery pending the outcome of Hsu's Motion to Dismiss.

MAC:13033-001 1875846_1

Should a stay not issue, extensive discovery into unknown claims will need to be explored with a Defendant who resides 6,800 miles away. During this premature discovery Plaintiffs will not be placed on notice of Hsu's affirmative defenses, counterclaims (if any), and cross-claims (if any), as Hsu will not have filed a responsive pleading to the Complaint. Moreover, Hsu will be forced to travel 6,800 miles from his home in Taipei, Taiwan to attend any deposition in the United States and a settlement conference. Simply put, discovery on any issue at this stage of litigation is premature and makes little sense until the Court rules on Hsu's Motion to Dismiss and Hsu files a responsive pleading. The absence of an order staying discovery will cause all parties to unnecessarily expend their limited resources and, perhaps, the Court's resources too.

Conducting discovery may also result in duplicative discovery. Hsu may elect to file counterclaims or cross-claims. In the event a cross-claim or counterclaim is filed, discovery will "re-set" based upon the inclusion of new parties. At this point, FRCP 1's mandate that the rules be construed to secure the just, speedy, and inexpensive determination of every action is best satisfied by staying discovery pending the outcome of Hsu's Motion to Dismiss and the pending settlement conference. Thus, Hsu respectfully requests the Court to stay discovery pending the Motion to Dismiss.

**IV.  CONCLUSION.**

It would be detrimental and burdensome for Hsu to be required to conduct discovery and meet ongoing discovery deadlines before the parties know which claims are viable, which parties are subject to this Court's jurisdiction and which cross and counterclaims have been asserted. Should this Court deem it lacks jurisdiction over Hsu, which is anticipated, then discovery will be totally unnecessary. Neither Hsu nor the Plaintiffs should be required to spend the substantial time, effort and money necessary to conduct expensive discovery until the pleadings have been

. . .

. . .

. . .

MAC:13033-001 1875846_1

closed and the parties are actually aware of what claims and defenses are being asserted. Thus, Hsu respectfully requests that this Court exercise its discretion and enter an order staying all discovery in this matter until the Court issues its ruling on Hsu's Motion to Dismiss.

DATED this 9th day of January, 2013.

MARQUIS AURBACH COFFING

By    /s/ Joshua L. Benson, #10514
Jack Chen Min Juan, Esq.
Nevada Bar No. 6367
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Joshua L. Benson, Esq.
Nevada Bar No. 10514
10001 Park Run Drive
Las Vegas, Nevada  89145
*Attorneys for Defendants*

MAC:13033-001 1875846_1