UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KABO TOOLS CO., et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:12-cv-01859-LDG-NJK |
| | ) | |
| vs. | ) | ORDER GRANTING MOTION TO |
| | ) | STAY DISCOVERY |
| PORAUTO INDUSTRIAL CO., LTD., et al., | ) | (Docket No. 26) |
| | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ ) | | |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss for lack of personal jurisdiction. Docket No. 26. Plaintiffs filed a response and Defendants filed a reply. Docket Nos. 28, 30. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, the motion is GRANTED and discovery in this matter shall be stayed pending resolution of the motion to dismiss.

The authority cited by the parties generally analyzes motions to stay discovery pending resolution of a motion to dismiss for failure to state a claim. *See, e.g.*, *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). While those cases provide some guidance here, courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a "critical preliminary question." *See, e.g.*, *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, *2 (D. Nev. Oct. 10, 2012). The filing of a Rule 12(b)(2) motion to dismiss "strongly favors a stay, or at a minimum, limitations on

discovery until the question of jurisdiction is resolved." *Id.*

With that distinction in mind, the Court has taken a "preliminary peek" at the pending motion to dismiss. Plaintiffs argue primarily that the exercise of personal jurisdiction is permissible because (1) Mr. Hsu was served in this district, *see Burnham v. Superior Court of California*, 495 U.S. 604, 615-16 (1990), and Defendants directed the Accused Product into this district, *see Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994). These cases have limitations, however. *See, e.g.*, *Martinez v. Aero Caribbean*, 2012 WL 1380247, *3 (N.D. Cal. Apr. 20, 2012) (discussing inapplicability of *Burnham* to corporate defendants and citing *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992)). It appears that Plaintiffs may well prevail in opposing the motion to dismiss, particularly with respect to Mr. Hsu, but "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *AMC Fabrication*, 2012 WL 4846152, at *4. Because the Court is not convinced that the exercise of personal jurisdiction over Defendants will be found to be proper by the district judge, it is appropriate to stay discovery pending the resolution of the motion to dismiss. *See id*.

Plaintiffs also argue that a complete stay is not warranted because jurisdictional discovery should be allowed. *See* Docket No. 28 at 6-7. In opposing the pending motion to dismiss, Plaintiffs have requested that the district judge grant jurisdictional discovery if he finds that the record is not sufficiently developed. *See* Docket No. 12 at 17. Thus, it is more prudent for the undersigned to defer the question of whether jurisdictional discovery is necessary to the assigned district judge in his determination of the merits of the pending motion to dismiss. *See AMC Fabrication*, 2012 WL 4846152, at *4.

For the reasons discussed above, the motion to stay discovery pending resolution of Defendants' motion to dismiss is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: April 15, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge