1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    KABO TOOLS CO., et al.,                          )
                                                      )
10                            Plaintiff(s),           )    Case No. 2:12-cv-01859-LDG-NJK
                                                      )
11   vs.                                              )    ORDER DENYING MOTION TO
                                                      )    STAY DISCOVERY
12   PORAUTO INDUSTRIAL CO., LTD., et al.,            )    (Docket No. 61)
                                                      )
13                                                    )
                              Defendant(s).           )
14   _____)

15          Pending before the Court is Defendants' motion to stay discovery pending resolution of their

16   motion for reconsideration of the order denying their motion to dismiss for lack of personal jurisdiction.

17   Docket No. 61.  Plaintiffs filed a response and Defendants filed a reply.  Docket Nos. 63, 64.  The Court

18   finds this motion appropriately resolved without oral argument.  *See* Local Rule 78-2.  For the reasons

19   discussed below, the motion is hereby **DENIED**.

20   **I.     OVERVIEW**

21          On September 20, 2013, United States District Judge Lloyd D. George denied Defendants' motion

22   to dismiss for lack of personal jurisdiction.  Docket No. 53.[1]  Judge George addressed the factual

23

24          [1]

25          During the pendency of that motion, discovery was stayed in this case. *See Kabo Tool Co. v. Porauto
     Indus. Co.*, 2013 U.S. Dist. Lexis. 53570 (D. Nev. Apr. 15, 2013).  The undersigned evaluated the motion
26   to dismiss and acknowledged that Plaintiffs appeared to have the better arguments. *See id.* at *3 ("It appears
     that Plaintiffs may well prevail in opposing the motion to dismiss").  The motion to stay was granted,
27   however, because "how the undersigned sees the jurisdictional picture may be very different from how the
     assigned district judge will see the jurisdictional picture." *Id.*
28

1    allegations supporting jurisdiction, including the long-term business relationship between Defendants and

2    a Nevada-based corporation, as well as the allegation that Defendants have taken active steps to facilitate

3    direct infringement of Plaintiffs' patent in Nevada. *See id.* at 3.  Judge George found that specific

4    jurisdiction existed over Defendants.  In particular, he determined that Defendants had purposefully

5    directed their activities to Nevada, *id.* at 6-8, that the claims arise out of Defendants' forum-related activity,

6    *id.* at 9, and that the exercise of personal jurisdiction over Defendants is reasonable, *id.* at 9-12.

7            Thereafter, Defendants moved for Judge George to reconsider his order on the ground that he failed

8    to apply Federal Circuit law, which Defendants contend requires dismissal of the claims against them.  *See*

9    Docket No. 54.  Defendants also filed a motion seeking an order from the undersigned to stay discovery

10   in this case pending resolution of the motion for reconsideration.  Docket No. 61.  That is the motion

11   currently before the Court.[2]

12   **II.      ANALYSIS**

13           Courts have broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863

14   F.2d 681, 685 (9th Cir.1988).  "The Federal Rules of Civil Procedure do not provide for automatic or

15   blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*,

16   278 F.R.D. 597, 600 (D. Nev. 2011).  In deciding whether to grant a stay of discovery, the Court is guided

17   by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Id.*

18   at 602-03.[3]  Courts in this District have formulated three requirements in determining whether to stay

19   discovery pending resolution of a potentially dispositive motion.  Motions to stay discovery may be granted

20   when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be

21   decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the

22   potentially dispositive motion to evaluate the likelihood of dismissal.  *See id.*  A party seeking to stay

23   discovery pending resolution of a potentially dispositive motion bears the burden of establishing that

24   discovery should be stayed.  *See Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S.

25   _____

       [2]

26           Defendants further sought certification for an interlocutory appeal and filed a motion to stay

27   proceedings pending appeal.  *See* Docket Nos. 54, 60.  Those motions are not currently before the Court.

       [3]

28           Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1  Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012) (holding that magistrate judge did not abuse his discretion

2  in denying a stay of discovery based on a motion challenging personal jurisdiction).

3      Generally speaking, "a pending motion challenging [personal] jurisdiction strongly favors a stay,

4  or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *AMC Fabrication,*

5  *Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist Lexis 146270, *5-6 (D. Nev. Oct. 10, 2012).   In

6  determining whether a stay is appropriate, the Court is mindful that "how the undersigned sees the

7  jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional

8  picture." *Id.* at *10.  Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate

9  a stay of discovery and the Court retains discretion to require discovery to go forward. *See id.* at *5 (citing

10  *Holiday Systems*, 2012 U.S. Dist. Lexis 125542).

11      In this case, the Court has a clear understanding of Judge George's view of the "jurisdictional

12  picture" because he has already issued an order thoroughly addressing the factual foundation for exercising

13  personal jurisdiction, and has held that the Court has personal jurisdiction over Defendants.  Docket No.

14  53.  Judge George has the inherent power to reconsider that order, *see, e.g.*, *City of Los Angeles, Harbor*

15  *Div. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001), but motions for reconsideration are

16  disfavored, *Japan Cash Mach. Co. v. Mei, Inc.*, 2008 U.S. Dist. Lexis 98778, *7 (D. Nev. Nov. 20, 2008).

17  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2)

18  committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change

19  in controlling law." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2004) (quoting *School*

20  *Dist. No. 1J, Mutlnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).[4]  Such a motion

21  "may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised

22  earlier in the litigation." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

23  (emphasis in original) (affirming denial of motion to reconsider that raised choice-of-law argument for first

[4]

26  Defendants contend that this standard does not apply here because Defendants do not seek reconsideration of a final order. *See* Reply at 8.  That is not a persuasive argument. *See Fraser*, 256 F. Supp. 2d at 1183 (analyzing motion to reconsider order denying motion to dismiss); *see also Antonetti v. Skolnik*, 2013 U.S. Dist. Lexis 20124, *2-3 (D. Nev. Feb. 13, 2013) (collecting cases regarding this District's adoption of the Rule 59(e) standard for motions to reconsider interlocutory orders).

3

1   time); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does

2   not abuse its discretion when it disregards legal arguments made for the first time on a motion [for

3   reconsideration].")

4       Defendants ask for reconsideration of the denial of the motion to dismiss, arguing that the court

5   erred in applying Ninth Circuit law. *See* Mot. at 2; *see also* Docket No. 54. For the motion to reconsider

6   to be dispositive here, Defendants must convince Judge George both that his order must be reconsidered

7   so that it applies Federal Circuit law (rather than Ninth Circuit law) and that dismissal is appropriate under

8   Federal Circuit law. As an initial matter, Defendants' choice-of-law argument should have been raised in

9   the initial motion to dismiss, but Defendants there instead relied on Ninth Circuit law. *See* Docket Nos.

10   10, 17. As such, it does not appear that this is a proper basis for reconsideration because Defendants raise

11   a new argument that could and should have been raised previously. *See Kona Enterps.*, 229 F.3d at 890.[5]

12   Even assuming Defendants' choice-of-law argument is grounds for reconsideration, however, the

13   undersigned finds it unlikely that Judge George will dismiss the claims for lack of personal jurisdiction in

14   the event he reconsiders his order to apply Federal Circuit law.[6]

15   //

16   //

17

18       [5]

19   Defendants argue that a federal court has a continuing obligation to satisfy itself of its own
20   jurisdiction. Reply at 7. While the cases cited make clear that proposition is true with respect to *subject
     matter jurisdiction*, *see also* Rule 12(h)(3), Defendants have failed to persuade the undersigned that the same
21   is true with respect to personal jurisdiction. For example, Defendants assert that federal courts must inquire
     into "jurisdiction[] even when the parties are prepared to concede it," Reply at 7, but they overlook the fact
22   that (unlike subject matter jurisdiction) personal jurisdiction is a waivable defense, *see* Rule 12(h)(1).

23       [6]

24   Defendants' arguments focus on the reasonableness of exercising jurisdiction over them in this
     forum. *See, e.g.*, Reply at 4-7; Docket No. 54. To succeed on that argument, they bear the burden of
25   presenting a "compelling" case that the exercise of personal jurisdiction is unreasonable. *See Electronics
     for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351-52 (Fed. Cir. 2003) (quoting *Burger King Corp. v.
26   Rudzewicz*, 471 U.S. 462, 477 (1985)). This simply does not appear to be one of the "rare" instances where
     sufficient minimum contacts exist with the forum but subjecting defendants to the exercise of jurisdiction
27   here would nonetheless be unreasonable. *See id.* (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
28   21 F.3d 1558, 1568 (Fed. Cir. 1994)).

**III.    CONCLUSION**

As with any motion to stay, the Court is guided by the goals of Rule 1 for the "just, speedy, and inexpensive" determination of actions.  *See Tradebay*, 278 F.R.D. at 602-03.  This case has been pending for a year. *See* Docket No. 1.  Given the unlikelihood that the claims against Defendants will be dismissed for lack of personal jurisdiction vis-a-vis the pending motion for reconsideration, the Court finds that staying discovery further will unnecessarily delay this case.  As such, the motion to stay is hereby **DENIED**.

IT IS SO ORDERED.

DATED:  October 31, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge